**Appeal of PACIFIC & ARCTIC RY. & NAV. CO. et al.**

**Nos. 6705–A to 6707–A.**

District Court, Alaska
First Division, Juneau.

Oct. 30, 1952.

———◆———

Faulkner, Banfield & Boochever, Juneau, Alaska, for appellant.

Howard D. Stabler, Juneau, Alaska, for appellee.

FOLTA, District Judge.

The Pacific American Railway and Navigation Company, the British Columbia Yukon Railway Company and the British Yukon Railway Company have appealed from the decisions of the Board of Equalization of the City of Skagway sustaining assessments of their real and personal properties under an ordinance of the City purporting to authorize appeals from such decisions to this Court.

The City has moved to dismiss the appeals on the ground that this Court is without jurisdiction to entertain them and in support thereof contends that there is no statute granting the right of appeal or empowering municipalities to provide therefor by ordinance. The appellants contend that the ordinance referred to was enacted pursuant to the power vested in municipalities under the last clause of the first sentence of Section 16–1–112, A.C.L.A.1949. This clause is italicized in the section quoted below:

"§ 16–1–112. *Taxing powers exercisable by general ordinance: Uniformity of assessments: Classification of property.* The council is empowered by general ordinance to provide for the

annual assessment and levy of such taxes upon all real and personal property within the limits of the corporation, and by such ordinance to fix the dates when such assessment shall be annually made; the mode and manner of assessment; when taxes may become due; to require the listing of property subject to taxation by the owner or agent thereof; to impose, fix and provide for the collection of penalties for nonpayment of taxes when due, not to exceed fifteen per centum of such tax, and to fix the rate of interest on delinquent taxes and penalties, not to exceed twelve per centum per annum, and provide for the collection of such interest and penalties, *and to provide generally such other matters and things relative to the assessment and levy of such taxes as may be proper.* Provided, however, all assessments shall be equal and uniform and based upon the actual value of the property assessed, and prior to fixing the rates of levy said council shall sit and publically (publicly) equalize the valuation of the property assessed. Provided further that the council by its general ordinance may classify the different kinds of property for tax purposes."

The question presented then is whether under this catch-all provision the legislature intended to empower municipalities to provide for appeals from the decisions of their boards of equalization to this Court. So far as real property is concerned, the remedy afforded the taxpayer, by Sec. 16–1–124, A.C.L.A.1949, of objecting to the delinquent tax roll upon its presentation to the Court and obtaining a hearing thereon is apparently deemed adequate. But it does not follow that, because this remedy has no counterpart so far as personal property is concerned, no relief may be obtained from excessive or unlawful assessments.

It is unnecessary to discuss the limited powers of municipalities or the nature of the appellate process. This controversy turns on the meaning of the clause referred to. I am of the opinion that its meaning cannot be expanded beyond the scope of the matters specified—the assessment, levy and collection of taxes—to include the power to authorize appeals to this Court.

The enactment of this void ordinance and its contribution to this controversy induce me to conclude that the City is not entitled to costs.